PeR Cueiam :
This case is submitted under a stipulation filed January 20, 1933, in the case of the Rose City Cotton Oil Mills v. United States, No. 17341 Congressional, by which it is *470 agreed that tbe general findings and .conclusions of law made by the court in the case of Farmers & Ginners Oil Co. v. United States, 76 C. Cls. 204, are accepted by both parties hereto as applicable to and controlling- all other cotton linter cases pending in the Court of Claims. Among other things contained in the findings made by the court in the case last above cited is a statement that the agents of the United States undertook to and did purchase from the plaintiff therein all linters produced during the period ending July 31, 1919, and the opinion recites that the case was in its material features the same as that of Hazelhurst Oil Mill Co. v. United States, 70 C. Cls. 334, in which the court found and held in effect that the contract “covered the purchase of all linters then in possession of plaintiff and all linters to be produced by it during the season ending July 31, 1919.” Since the execution of the stipulation above referred to and on March 4, 1935, an agreed statement of additional facts has been filed by the parties from which it appears that on December 31, 1918, when the contract made in the case now before the court was canceled, the plaintiff had manufactured and delivered to defendant a quantity of linters in excess of the estimated amount which had been stated in the contract and had been paid therefor,
It is now contended on behalf of defendant that as this estimated amount had been produced and paid for there was no breach of the contract by reason of the cancellation thereof on the part of the defendant and its refusal to pay for the linters produced thereafter up to July 31, 1919.
Without determining whether in any event the estimate of the amount to be produced by plaintiff could be a controlling feature with reference to the matter involved, we conclude that under the stipulations and agreements filed by the parties and the decisions in the cases above cited the liability of defendant is not limited by the estimate above referred to and that under the agreed statement of facts the plaintiff is entitled to judgment for $2,301.33.